UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAR 3 1 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Gail Baer,                              )
                                        )
            Plaintiff,                  )
                                        )
        v.                              )        Civil Action No. 08 0549
                                        )
Hansford T. Johnson *et al.*,           )
                                        )
            Defendants.                 )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and

application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis*

application and will dismiss the case because the complaint fails to meet the minimal pleading

requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*,

656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires

complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction

[and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a); *see Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) ("Rule 8(e) further

provides that [e]ach averment of a pleading shall be simple, concise, and direct. . . Taken

together, Rules 8(a) and 8(e)(1) [now 8(d)(1)] underscore the emphasis placed on clarity and

brevity by the federal pleading rules.") (citations and internal quotations omitted). The Rule 8

standard ensures that defendants receive fair notice of the claim being asserted so that they can

prepare a responsive answer and an adequate defense and determine whether the doctrine of *res

judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff, a resident of Alexandria, Virginia, sues the Department of the Navy for employment discrimination and seemingly other matters. The rambling complaint runs nearly 800 pages long. Among its deficiencies, the complaint neither sets forth any specific claims by separate count nor contains enumerated allegations from which a claim may possibly be deciphered. It is simply unreasonable to expect defendant to craft an adequate response to the current complaint. *See* Fed. R. Civ. P. 8(b)(1) (requiring defendant to "state in short and plain terms its defenses to each claim asserted against it; and admit or deny the allegations asserted against it"); Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). The Court therefore will dismiss the complaint without prejudice to plaintiff's re-submission of a complaint–presumably a much shorter one-- that conforms to the pleading standards of Rule 8. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: March 25, 2008